|  | IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA |
|---|---|
| WLS, L.C., 145 ALBANY AVENUE, LLC, and SFW STRIP, LLC, | CASE NO.: |

Plaintiffs,

v.

THE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO CERTIFICATE OF INSURANCE NO.: AMR-59059; INDIAN HARBOR INSURANCE COMPANY; QBE SPECIALTY INSURANCE COMPANY; STEADFAST INSURANCE COMPANY; GENERAL SECURITY INSURANCE COMPANY OF ARIZONA; UNITED SPECIALTY INSURANCE COMPANY; LEXINGTON INSURANCE COMPANY; PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY; INTERNATIONAL INSURANCE COMPANY OF HANNOVER SE; and OLD REPUBLIC UNION INSURANCE COMPANY.

Defendants.
_____/

# COMPLAINT

Plaintiffs, WLS, L.C., 145 ALBANY AVENUE, LLC and SFW STRIP, LLC (collectively the "PLAINTIFFS"), sue Defendants, THE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO CERTIFICATE OF INSURANCE NO.: AMR-59059 ("LLOYD'S"); INDIAN HARBOR INSURANCE COMPANY ("INDIAN HARBOR"); QBE SPECIALTY INSURANCE COMPANY ("QBE"); STEADFAST INSURANCE COMPANY

("STEADFAST"); GENERAL SECURITY INSURANCE COMPANY OF ARIZONA ("GENERAL SECURITY"); UNITED SPECIALTY INSURANCE COMPANY ("UNITED SPECIALTY"); LEXINGTON INSURANCE COMPANY ("LEXINGTON"); PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY ("PRINCETON"); INTERNATIONAL INSURANCE COMPANY OF HANNOVER SE ("INTERNATIONAL"); and OLD REPUBLIC UNION INSURANCE COMPANY ("OLD REPUBLIC") (collectively the "DEFENDANTS"), and state:

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of $30,000.00, exclusive of interest, costs and attorneys' fees.

2. At all times material, PLAINTIFFS were and are Florida limited liability companies organized and existing under the laws of the State of Florida and were authorized to do, and are doing business at 9655 South Dixie Highway, Suite 300, Miami Florida 33156. Among other things, PLAINTIFFS own, operate and/or manage[1] three (3) commercial buildings located at 2782-2898 NW 79th Avenue, Doral, Florida in Miami-Dade County (Folio No. 35-3027-000-0012) ("Property").

3. At all times material, DEFENDANTS were and are commercial property insurers authorized to transact insurance within the State of Florida.

4. On or about May 15, 2017, DEFENDANTS offered to provide the PLAINTIFFS with insurance coverage for the Property in exchange for a premium of $445,592.00.

---

[1] 145 ALBANY AVENUE, LLC and SFW STRIP, LLC are the record owners of the Property. WLS, L.C. manages the Property and is the named insured on the Insurance Contract.

5.	On or about May 15, 2017 PLAINTIFFS accepted DEFENDANTS offer of commercial property insurance coverage and paid the $445,592.00 premium due to DEFENDANTS.

6.	DEFENDANTS issued Certificate provisions numbered: AMR-59059, AMP7532908-00, MSP-24524, 10T029659-08127-17-00 USI-21132-00, LEX-014710742,-00, 7DA3CM0007508-00, HAN-18387-00 and ORAMPR001538-00, which provide among other things, property insurance coverage to PLAINTIFFS for the twelve (12) month period beginning May 15, 2017.  Copies of the Declarations Page, Certificate Provisions and Endorsements (collectively the "Insurance Contract") are attached as **Composite Exhibit "A."**

7.	The intent and purpose of the Insurance Contract is to provide property insurance coverage to PLAINTIFFS for among other things, damages caused to their Property by named windstorm.

8.	On September 10, 2017, Hurricane Irma made landfall in Miami-Dade County, and caused damage to the Property.

9.	PLAINTIFFS timely reported their claim to DEFENDANTS.

10.	To date, DEFENDANTS have failed to pay PLAINTIFFS claim, despite their demands and DEFENDANTS obligations to do so under the Insurance Contract.

11.	Venue lies in Miami-Dade County, Florida because, among other things, the Insurance Contract was entered into and provides insurance coverage for property located in Miami-Dade County, Florida.

12.	PLAINTIFFS have complied with their obligations under the Insurance Contract.

13.	All conditions precedent to the filing of this action have occurred, have been waived and/or are excused.

## COUNT I
## <u>CLAIM FOR BREACH OF CONTRACT</u>
*(Actual Cash Value)*

14. This is an action by PLAINTIFFS against DEFENDANTS for damages for breach of contract. The amount in controversy exceeds $30,000.00 exclusive of interest, costs and attorneys' fees.

15. PLAINTIFFS re-allege and re-aver the allegations contained in paragraphs 1 through 13 with the same force and effect as if fully restated and set forth herein.

16. The Insurance Contract set forth the rights and obligations of DEFENDANTS to PLAINTIFFS with respect to their claim.

17. Pursuant to the terms of the Insurance Contract, PLAINTIFFS have a right to recover for their property damages, which were caused by Hurricane Irma, on an actual cash value (ACV) basis.

18. Notwithstanding PLAINTIFFS claim, DEFENDANTS have not paid PLAINTIFFS' property damage claim.

19. DEFENDANTS have materially breached the Insurance Contract by failing to fully adjust and/or pay PLAINTIFFS property damage claim.

20. As a direct and proximate result of DEFENDANTS' material breach of the Insurance Contract, PLAINTIFFS have suffered damages in excess of their hurricane deductible.

21. PLAINTIFFS have retained the undersigned attorneys to represent it in this action and is required to pay them a reasonable fee for its services.

22. Section 626.9373, *Florida Statutes*, provides in relevant part, as follows:

> (1) Upon the rendition of a judgment or decree by any court of this state against a surplus lines insurer in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer on or after the effective date of this act, the

trial court or, if the insured or beneficiary prevails on appeal, the appellate court, shall adjudge or decree against the insurer in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the lawsuit for which recovery is awarded.

(2)  If awarded, attorney's fees or compensation shall be included in the judgment or decree rendered in the case.

WHEREFORE, Plaintiffs, WLS, L.C., 145 ALBANY AVENUE, LLC and SFW STRIP, LLC demand judgment for their ACV damages for breach of contract against Defendants, THE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO CERTIFICATE OF INSURANCE NO.: AMR-59059; INDIAN HARBOR INSURANCE COMPANY; QBE SPECIALTY INSURANCE COMPANY; STEADFAST INSURANCE COMPANY; GENERAL SECURITY INSURANCE COMPANY OF ARIZONA; UNITED SPECIALTY INSURANCE COMPANY; LEXINGTON INSURANCE COMPANY; PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY; INTERNATIONAL INSURANCE COMPANY OF HANNOVER SE; and OLD REPUBLIC UNION INSURANCE COMPANY, together with interest, costs and attorney's fees, and such other and further relief this Court deems just and proper.

## COUNT II
## CLAIM FOR BREACH OF CONTRACT
*(Replacement Cost Value)*

23.  This is an action by PLAINTIFFS against DEFENDANTS for damages for breach of contract.  The amount in controversy exceeds $30,000.00 exclusive of interest, costs and attorneys' fees.

24.  PLAINTIFFS re-allege and re-aver the allegations contained in paragraphs 1 through 13 with the same force and effect as if fully restated and set forth herein.

25. The Insurance Contract sets forth the rights and obligations of DEFENDANTS to PLAINTIFFS with respect to their claim.

26. Pursuant to the terms of the Insurance Contract, PLAINTIFFS have a right to recover from DEFENDANTS for their property damages, which were caused by Hurricane Irma on a replacement cost value (RCV) basis.

27. Notwithstanding PLAINTIFFS claim, DEFENDANTS have not paid PLAINTIFFS for their property damages on an RCV basis.

28. DEFENDANTS have materially breached the Insurance Contract by failing to fully adjust and/or pay PLAINTIFFS property damages on an RCV basis.

29. As a direct and proximate result of DEFENDANTS' material breach of the Insurance Contract, PLAINTIFFS have suffered damages in excess of the hurricane deductible.

30. PLAINTIFFS have retained the undersigned attorneys to represent it in this action and is required to pay them a reasonable fee for their services.

31. Section 626.9373, *Florida Statutes*, provides in relevant part, as follows:

> (1) Upon the rendition of a judgment or decree by any court of this state against a surplus lines insurer in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer on or after the effective date of this act, the trial court or, if the insured or beneficiary prevails on appeal, the appellate court, shall adjudge or decree against the insurer in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the lawsuit for which recovery is awarded.
>
> (2) If awarded, attorney's fees or compensation shall be included in the judgment or decree rendered in the case.

WHEREFORE, Plaintiffs, WLS, L.C., 145 ALBANY AVENUE, LLC and SFW STRIP, LLC demand judgment for RCV damages for breach of contract against Defendants, THE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO CERTIFICATE

OF INSURANCE NO.: AMR-59059; INDIAN HARBOR INSURANCE COMPANY; QBE SPECIALTY INSURANCE COMPANY; STEADFAST INSURANCE COMPANY; GENERAL SECURITY INSURANCE COMPANY OF ARIZONA; UNITED SPECIALTY INSURANCE COMPANY; LEXINGTON INSURANCE COMPANY; PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY; INTERNATIONAL INSURANCE COMPANY OF HANNOVER SE; and OLD REPUBLIC UNION INSURANCE COMPANY, together with interest, costs and attorney's fees, and such other and further relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

PLAINTIFFS demand a trial by jury on all claims, defenses and issues raised in the entire case.

Dated: March 3, 2020.

        JANSSEN, SIRACUSA & KEEGAN PLLC
*Counsel for Plaintiffs, WLS, L.C., 145 Albany Avenue, LLC and SFW Strip, LLC*
19 West Flagler St., Suite 618
Miami, Florida 33130
Telephone (305) 428-2776
Email: jsiracusa@jasilaw.com
Email: jjanssen@jasilaw.com

By: **s/ *John M. Siracusa***
    JOSEPH W. JANSSEN, III
    Florida Bar No. 160067
    JOHN M. SIRACUSA
    Florida Bar No. 159670